UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

IAN REYNOLDS, individually and on behalf of all others similarly situated

Plaintiffs,

v.

KALSHI INC., KALSHIEX LLC, KALSHI KLEAR INC., KALSHI KLEAR LLC, KALSHI TRADING LLC, SUSQUEHANNA INTERNATIONAL GROUP, LLP, and SUSQUEHANNA GOVERNMENT PRODUCTS, LLLP,

Defendants.

Case No. 3:26-cv-00336-YY

OPINION AND ORDER

YOU, Magistrate Judge.

This putative class action arises from allegations that Kalshi[1], through its affiliates, subsidiaries, and partners, offered sports betting and gambling to users in Oregon despite not having a license to do so. Kalshi operates a "prediction market" where users can buy and sell "event contracts" tied to specific outcomes, including sports outcomes. Plaintiff alleges that

[1] Defendants are Kalshi Inc., KalshiEX LLC, Kalshi Klear LLC, Kalshi Klear Inc., Kalshi Trading LLC (together "Kalshi") and Susquehanna International Group, LLP, and Susquehanna Government Products LLLP (together "Susquehanna").

Kalshi is avoiding gambling regulations and licensing requirements by characterizing sports bets as financial hedging instruments, such as "futures," "swaps," or "options" contracts.

This is not the first lawsuit against Kalshi. Five class action lawsuits asserting similar claims against Kalshi have already been consolidated in the Southern District of New York.[2] Defendants have filed a motion to transfer this matter to the Southern District of New York as well, pursuant to 28 U.S.C. § 1404(a) and the "first-to-file" rule. ECF 42. In the interests of judicial economy and efficiency, and because the risk of inconsistent decisions and the overall convenience to the parties and witnesses outweigh the inconvenience to plaintiff, defendants' motion to transfer is granted.[3]

**I. Transfer Under 28 U.S.C. § 1404(a)**

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" By enacting this statute, Congress sought to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted). To that end, the Ninth Circuit has specifically recognized that "[t]he feasibility of consolidation is a significant factor in a transfer decision, although even the

[2] Defendants' motion states that Kalshi is "contesting four other class actions in the SDNY." Mot. Transfer 9, ECF 42; *see* Rangwala Decl. ¶¶ 8-10, ECF 45. However, since defendants' filed this motion, an additional class action from the Northern District of Illinois has been transferred and consolidated. *See In re Kalshi Sports Prediction Market Litigation,* No. 25-cv-8585-JLR (S.D.N.Y.); *Josephson v. Kalshi, Inc.*, No. 1:26-cv-00220, 2026 WL 1078375 (N.D. Ill. Apr. 21, 2026).

[3] A decision to transfer a case pursuant to 28 U.S.C. § 1404(a) is non-dispositive and within the scope of a magistrate judge's authority. *See Kinney v. Gutierrez*, 709 F. App'x 453, 455 (9th Cir. 2017) (cited pursuant to Ninth Circuit Rule 36-3).

pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *A. J. Indus., Inc. v. U.S. Dist. Ct. for Cent. Dist. Of California*, 503 F.2d 384, 389 (9th Cir. 1974) (internal citations omitted); *Cont'l Grain Co. v. The FBl-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent. Moreover, such a situation is conducive to a race of diligence among litigants for a trial in the District Court each prefers.").

In *Jones v. GNC Franchising, Inc.*, the Ninth Circuit articulated a nonexclusive list of factors that the court may consider in determining whether transfer is appropriate:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

211 F.3d 495, 498–99 (9th Cir. 2000). Ultimately, the court must undertake an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988).

The threshold inquiry under § 1404(a) is whether this action "might have been brought" in the Southern District of New York. *See Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960) ("[T]he power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff."); *Van Dusen*, 376 U.S. at 617 (considering "at the outset" whether law of transferee forum rendered the forum

"impermissible under the 'might-have-been-brought' limitation"); 17 Moore's Federal Practice § 111.12(4)(a) (2022) ("[t]he transferor court may not transfer an action unless it first determines that, at the time the action was originally filed . . . , the transferee court would have had proper venue, subject matter jurisdiction, and personal jurisdiction over the parties").

Defendants assert that this action could have been brought in the Southern District of New York because "the material acts underlying [p]laintiff's claims arise out of conduct that occurred in the" Southern District of New York. Mot. Transfer 9, ECF 42. Plaintiff acknowledges that "actions arising out of the same facts were filed" in the Southern District of New York. Resp. 7, ECF 48. Indeed, multiple similar class actions against Kalshi have been consolidated into a single action in the Southern District of New York. *See In re Kalshi Sports Prediction Market Litigation,* No. 25-cv-8585-JLR (S.D.N.Y.); Rangwala Decl. ¶¶ 8-10, ECF 45. One such class action, *Jennings v. Kalshi Inc.*, Case No. 2:26-cv-00071 (M.D. Ala.), involves the same two sets of defendants, i.e., Kalshi and Susquehanna.

Moreover, the record supports personal jurisdiction over all defendants in the Southern District of New York. Kalshi maintains its headquarters and principal places of business in New York, and its executive management teams are based there. Heaslip Decl. ¶¶ 11-12, ECF 43. Also, the drafting and creation of KalshiEX sports event contracts originated from its New York offices. *Id.* at ¶ 13. Susquehanna is Kalshi's partner and became a market maker on the KalshiEX DCM platform in 2024. Sopinsky Decl. ¶ 6, ECF 44.[4] Accordingly, venue, subject-matter jurisdiction, and personal jurisdiction would have been proper in the Southern District of New

---

[4] Neither Kalshi nor Susquehanna maintain offices or employees in Oregon. *See* Heaslip Decl. ¶ 11, ECF 43; Sopinsky Decl. ¶¶ 7-9, ECF 44.

York when this action was filed. Because the action "might have been brought" in the Southern District of New York, the threshold issue under § 1404(a) is satisfied.

Next, the interests of justice and the convenience of the parties and witnesses are best served by transfer. Keeping this case in Oregon would permit precisely the scenario that the Supreme Court and Ninth Circuit caution against, and that the legislature sought to avoid in enacting § 1404(a). Currently, five consolidated class actions are pending before a single judge in the Southern District of New York in which the plaintiffs allege similar injuries arising from defendants' conduct. *See supra* note 2. A comparison of that consolidated complaint with plaintiff's complaint here reflects several common questions of law, including whether Kalshi's operation of a "prediction market" constitutes illegal gambling or an unlicensed sportsbook, whether Kalshi's advertising was deceptive, and whether the plaintiffs may recover under state statutes. *Compare* Compl. ¶¶ 55-58, 173, 187-88, ECF 1, *with In re Kalshi Sports Prediction Market Litigation*, Consolidated Compl., ¶¶ 2, 95, 215, 314, 326, 333, 339, ECF 47, No. 25-cv-8585 (S.D.N.Y.). Given the substantial overlap, judicial resources and efficiency are better served by having the legal issues resolved by the same judge who is presiding over the other cases pending in the Southern District of New York.[5]

[5] Courts in this circuit consistently transfer cases to jurisdictions where multiple related cases are pending, frequently citing efficiency and convenience concerns. *See, e.g.*, *Friedman v. PopSugar, Inc.*, No. 2:18-cv-05888-CAS-MAA, 2018 WL 6016963, at *10 (C.D. Cal. Oct. 29, 2018) ("Given the existence of three related cases already pending in that district, judicial efficiency strongly weighs in favor of transferring this matter to the Northern District of California."); *Hernandez v. Equifax Info. Servs., LLC*, No. 5:05-cv-03996-RMW, 2006 WL 1141338, at *3 (N.D. Cal. Apr. 28, 2006) (same); *Martin v. California Tchrs. Ass'n*, No. 2:18-cv-01951-MCE-AC, 2018 WL 6430582, at *1 (E.D. Cal. Oct. 17, 2018) (same); *Travelers Prop. Cas. Co. of Am. v. Expeditors Int'l of Washington, Inc.*, No. 2:21-cv-01184-JHC, 2022 WL 4109101, at *5 (W.D. Wash. Sept. 8, 2022) ("Transfer to the SDNY, where related cases are pending, promotes efficiency and avoids duplicative and potentially inconsistent proceedings in multiple districts."); *Pearson v. Daily Harvest, Inc.*, No. 3:22-cv-1563-YY, 2023 WL 2911785,

Plaintiff's main contention is that transfer would deprive him of binding Ninth Circuit authority on a dispositive issue. Resp. 14, ECF 48. He contends that the central question here "is whether federal law preempts [p]laintiff's Oregon-law claims." *Id.* According to plaintiff, that issue is currently "under consideration by the Ninth Circuit" in a case involving KalshiEx, LLC, while no analogous appeal is pending in the Second Circuit. *Id.*; *see Reardon Decl.*, ECF 49 (citing *KalshiEx, LLC v. Assad*, Case No. 25-7516 (9th Cir.). Plaintiff argues that transfer would materially change the controlling authority on a dispositive issue because "there is a substantial probability that the transferee court will apply its own circuit's interpretation of federal law to federal defenses." *Id.* at 15.

Plaintiff is correct that, upon transfer to the Southern District of New York, Second Circuit precedent would govern questions of federal law. *See AER Advisors, Inc. v. Fid. Brokerage Servs., LLC*, 921 F.3d 282, 290 (1st Cir. 2019) ("[N]othing [in the Supreme Court's precedent] compels one federal court to apply another's interpretation of federal law after a case's transfer.") (quoting *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1186 (D.C. Cir. 1987), *aff'd sub nom. Chan v. Korean Air Lines, Ltd.*, 490 U.S. 122 (1989)) (simplified); *Satellite Fin. Plan. Corp. v. First Nat. Bank of Wilmington,* 633 F. Supp. 386, 393-94 (D. Del. 1986) (holding that transferee circuit precedent governs with respect to interpretation of federal statutes).

That reality, however, does not preclude transfer. Courts have made it clear that "[a] plaintiff may not resist the transfer of his action to another district court on the ground that the

at *3 (D. Or. Apr. 12, 2023) (granting transfer where there were "more than 50 cases in which the plaintiffs claim they were injured by" the same defendant's products).

transferee court will or may interpret federal law in a manner less favorable to him." *H. L. Green Co. v. MacMahon*, 312 F.2d 650, 652 (2d Cir. 1962); *see also Clayton v. Warlick*, 232 F.2d 699, 706 (4th Cir. 1956) ("We are not impressed by the argument that such transfer should be denied because of an alleged conflict of decision between this Circuit and the Seventh on an important question of law involved in the case."); *Scheinbart v. Certain-Teed Prods. Corp.*, 367 F. Supp. 707, 710–11 (S.D.N.Y. 1973) (rejecting the plaintiff's resistance to transfer based on favorable Second Circuit precedent where Third Circuit law was unclear, and concluding that the "[p]laintiff's argument amounts to mere forum shopping" and "federal courts . . . have little sympathy for [that]"). Where there is conflict among circuits on an issue, "[that] presents a matter for consideration by the Supreme Court on application for certiorari, not for consideration by a district [court] on application for transfer under 28 U.S.C. § 1404(a)." *Clayton*, 232 F.2d at 706.

Plaintiff's argument that "[c]ourts recognize that a transfer under [§] 1404(a) should not be used as a vehicle to alter the governing legal framework in a way that materially affects the parties' rights" is unpersuasive. *See* Resp. 14, ECF 48. The cases plaintiff cites—*Ferens v. John Deere Co.,* 494 U.S. 516 (1990), *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037 (9th Cir. 2012), *Westside Winery, Inc. v. Palm Bay Int'l, Inc.*, No. 4:18-cv-02765-SBA, 2018 WL 4278665 (N.D. Cal. Aug. 3, 2018), and *In re Mirena IUD Prods. Liab. Litig.*, No. 7:13-mc-02434-CS-LMS, 2015 WL 5037100 (S.D.N.Y. Aug. 26, 2015)—address choice-of-law principles in federal diversity cases, including which state statutes of limitations and substantive state law apply following transfer. That line of authority is not relevant here, because the issue is not which state law applies after transfer, but whether transfer is improper because of differences in circuit

precedent on questions of federal law. As discussed above, the potential for less favorable case law in another circuit does not make transfer improper.

Moreover, the Southern District of New York is, overall, the more convenient forum for the parties and witnesses. Five other class actions against Kalshi have already been consolidated there, with another class action from Georgia purportedly pending. *See supra* note 2; *In re Kalshi Sports Prediction Market Litigation*, Order, ECF 55. Susquehanna has also joined the consolidated action through a joint motion to transfer a class action from the Middle District of Alabama to the Southern District of New York. *See Jennings v. Kalshi Inc.*, Case No. 2:26-cv-00071, Joint Motion to Transfer, ECF 17 (M.D. Ala.). Kalshi is headquartered in New York City, and its executive management teams live and work in New York. Heaslip Decl. ¶ 12, ECF 43. Its employees, who are involved in creating, marketing, and operating KalshiEX's sports events contracts, are based in New York as well. *Id.* ¶ 13. Susquehanna is headquartered in, and its employees work in, Pennsylvania, which is geographically much closer to New York than to Oregon. Sopinsky Decl. ¶¶ 4-5, 9, ECF 44.

Plaintiff argues that the convenience factor should be neutral because, in modern litigation, documents are produced electronically and depositions are conducted remotely. Resp. 16, ECF 48. He contends that any purported inconvenience is outweighed by the primary legal issue pending in the Ninth Circuit, i.e., the federal preemption issue, which does not depend on the location of witnesses or physical evidence. *Id.* at 17. In making this argument, plaintiff conflates the "convenience" factor with the "interest of justice" factor. *See Baglama v. MWV Consumer & Off. Prods.*, No. 8:12-cv-01209-FMO-JPR, 2013 WL 12200647, at *3 (C.D. Cal. Aug. 19, 2013) ("The interest of justice relates to the efficient administration of the court system, and is a separate element of the transfer analysis from the convenience of the parties and

witnesses.") (quoting *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010)) (simplified). The convenience factor favors transfer to the Southern District of New York.

Thus, on balance, the *Jones* factors weigh in favor of transfer. The thrust of this action took place in New York. That is where a major portion of Kalshi's business operates, where the executive management team works, and where sports event contracts were drafted and created. Heaslip ¶¶ 12-13, ECF 43. The relevant evidence is also more readily available in New York, where defendants are litigating related claims in the consolidated action. Furthermore, while the District of Oregon is most familiar with Oregon state law, the consolidated action in New York can and will apply Oregon law to Oregon state law claims.[6] Among the factors, only plaintiff's choice of forum and the possibility that plaintiff will bear additional costs to litigate in a foreign district weigh in plaintiff's favor. Otherwise, the interests of justice and the overall convenience to the parties and witnesses, as well as the other *Jones* factors, strongly favor transfer.

## II. First-to-File Rule

Defendants argue that the first-to-file rule provides a secondary basis for transferring this matter to the Southern District of New York. Mot. Transfer 17-18, ECF 42. The first-to-file rule permits a district court to stay proceedings if "a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015); *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946

[6] The consolidated action has state-specific claims for eighteen states—Alabama, California, Connecticut, Florida, Georgia, Illinois, Indiana, Maryland, Massachusetts, Michigan, Minnesota, New Jersey, New Mexico, Ohio, Oregon, South Carolina, Virginia, and Washington. *In re Kalshi Sports Prediction Market Litigation*, Consolidated Compl., ¶¶ 228-340, ECF 47, No. 25-cv-8585 (S.D.N.Y.).

F.2d 622, 623 (9th Cir. 1991). Because transfer is appropriate under § 1404(a), the court need not reach the issue of the applicability of the first-to-file rule.

**ORDER**

Defendants' Motion to Transfer Venue to the Southern District of New York (ECF 42) is granted. This case shall be transferred to the Southern District of New York.

IT IS SO ORDERED.

Dated June 15, 2026.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge